DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Leavy A. Welch, appeals from his conviction in the Summit County Court of Common Pleas on ten counts in the indictment. We affirm.
 I. {¶ 2} Appellant was brought to trial on January 12, 2004 on a fifteen-count indictment. At the conclusion of Appellant's trial, the jury found Appellant guilty of two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), two counts of having weapons while under disability in violation of R.C. 2923.13(B), one count of tampering with evidence in violation of R.C.2921.12(A)(1), two counts of obstructing official business in violation of R.C. 2921.31(A), and one count of identity fraud in violation of R.C. 2913.49(B)(1). We note that while Appellant was also found guilty on two counts of carrying a concealed weapon, these counts were merged into the two counts of having a weapon while under disability. He received a total sentence of five years incarceration.
 {¶ 3} Appellant's trafficking convictions stem from a drug investigation conducted by Akron police. On August 6, 2002, the police used a confidential informant ("CI") to purchase crack cocaine from Appellant. Officers observed this drug transaction occur. On August 12, 2002, another controlled buy was arranged using the same CI. Again, police officers observed the drug transaction occur.
 {¶ 4} In April 2003, Appellant was suspected of being involved in a fight involving weapons. Upon arriving at the residence in which Appellant was believed to be located, police ordered Appellant to come out. Instead, Appellant hid behind an entertainment center in a bedroom of the residence. Police located Appellant and subsequently moved the entertainment center. Upon moving the entertainment center, police found a gun at Appellant's feet. At the time of his arrest, Appellant gave the police a false name, Leroy Godfrey.
 {¶ 5} On October 4, 2003, police officers attempted to serve an arrest warrant on Appellant at the same residence in which they had previously arrested him. Upon arriving, the officers again requested that Appellant come out. Instead, Appellant hid in the attic of the house. Police eventually located and arrested him. Police searched the attic in which the Appellant was found and located a black bag containing a .9mm gun.
 {¶ 6} Based upon these facts, Appellant was brought to trial and convicted on the counts stated herein. Appellant timely appealed his convictions, raising three assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
"The trial court erred in admitting the testimony of detective brown regarding the taped conversations between the confidential informant and the defendant."
 {¶ 7} Appellant argues that the trial court violated his Sixth Amendment right to confront witnesses against him by allowing Detective Brown to testify about statements made by the police's confidential informant. We disagree.
 {¶ 8} We begin by noting that a trial court has broad discretion in the admission of evidence, and this Court will not interfere unless the trial court has abused its discretion and the defendant has been materially prejudiced thereby. State v.Galloway (Jan. 31, 2001), 9th Dist. No. 19752. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In his brief, Appellant identifies four specific instances in which Appellant asserts that improper hearsay testimony was admitted by the Court. However, our review of the record indicates that the referenced sections do not contain hearsay. Detective Brown of the Akron Police Department testified that he used a CI to set up controlled buys with the Appellant. On several occasions, Detective Brown indicated that conversations took place between the Appellant and his CI. While audio tapes of these transactions were made, the trial court excluded the tapes from evidence. Further, Detective Brown was not permitted to testify about what was said by the CI. On each occasion that the State attempted to elicit such testimony, Appellant's objections were sustained. As a result, Detective Brown only testified about what he observed while personally witnessing the drug transactions. As such, we can find no indication in the record that any impermissible hearsay testimony was admitted. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
"Based on the evidence presented, no appropriate identification could be made of the defendant. additionally, the jury's verdicts finding the defendant guilty were against the manifest weight of the evidence and there was no sufficiency of evidence to convict."
 {¶ 10} In his second assignment of error, Appellant challenges the sufficiency and the weight of the evidence produced against him at trial. We begin by noting that Appellant's motion for acquittal in the lower court only addressed one count of carrying a concealed weapon, one count of identity fraud, and two counts of obstructing official business. If a Crim.R. 29 motion for acquittal is not made by a defendant, he waives all arguments regarding sufficiency on appeal. Statev. Cayson (May 14, 1998), 8th Dist. No. 72712. As such, Appellant has waived sufficiency claims on all other counts.
 {¶ 11} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 12} Therefore, we will address Appellant's claim that his convictions were against the manifest weight of the evidence as that issue is dispositive of his claims regarding sufficiency.
 {¶ 13} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 14} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 15} At Appellant's trial, the only testimony heard was from seven different police officers. R.C. 2925.03 makes it a crime to knowingly sell a controlled substance. Detective Shawn Brown testified that he arranged drug transactions between Appellant and a CI on two different occasions. Detective Brown gave his informant precopied money with which to purchase crack cocaine from the Appellant. This money is copied before it is distributed so that it may be identified at a later time. Detective Brown went on to testify that two different meetings were set up between the Appellant and his informant. While audio tapes of these meetings were excluded from the trial, Detective Brown personally observed both of the meetings. He testified that Appellant met with the informant, that the informant gave the precopied money to Appellant, and that the informant returned from the meeting with crack cocaine. The results of tests performed by the Bureau of Criminal Investigation were introduced to verify that the substance was crack cocaine. The detective also testified about the safety measures used to ensure that the informant had no other drugs or money before the buy took place. Detective Brown then positively identified the Appellant as the individual his informant met with. As such, we cannot say that the jury lost its way in finding Appellant guilty of two counts of trafficking in cocaine.
 {¶ 16} R.C. 2923.13 provides that no person shall knowingly carry a firearm if they are under disability as specified in the statute. Further, R.C. 2921.31 makes it a crime to perform any act that hampers or impedes a public official in his public duties. At trial, Appellant stipulated to his prior convictions, placing him under disability. Officer Daniel Pastor testified that on April 6, 2003 after receiving a call that a fight with weapons had occurred, he investigated and learned the location of Appellant. Officer Pastor then searched the residence with other officers and located Appellant hiding behind an entertainment center in a bedroom. Despite repeated shouts by the officers, Appellant remained hidden. Officer Pastor went on to testify that upon moving the entertainment center he found a .25 caliber semiautomatic handgun and a box of shells. He testified that the gun was found approximately six to eight inches from Appellant's location. He concluded his testimony by stating that Appellant gave the name Leroy Godfrey upon being arrested.
 {¶ 17} Additionally, Officer John Rowan testified that on October 4, 2003 he went to arrest Appellant pursuant to a warrant. Upon arriving at the residence where Appellant was believed to be located, officers ordered Appellant to come out. Officer Rowan testified that Appellant did not come out, but instead hid in the attic of the house. He went on to testify that once Appellant was found by the police, he came down from the attic. The police then searched the attic and found a black bag containing a .9mm gun.
 {¶ 18} Based upon the testimony of the officers, we cannot say that the jury lost its way in convicting Appellant on two counts of obstructing official business, one count of identity fraud, and two counts of carrying a weapon while under disability. Additionally, Appellant has made no reference in his brief regarding his conviction for tampering with evidence. Therefore, this Court has nothing to pass upon regarding this conviction and has no choice but to presume the validity of the trial court proceedings. Knapp v. Edwards (1980),61 Ohio St.2d 197, 199.
 {¶ 19} Having disposed of Appellant's claim that the verdicts were against the manifest weight of the evidence, we similarly dispose of any remaining claims of sufficiency. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
"The court erred when if (sic) failed to grant a mistrial after two separate occassions (sic) when uncharged crimes were discussed and imputed to the defendant."
 {¶ 20} Appellant argues that testimony was introduced on two separate occasions regarding uncharged crimes involving Appellant. Appellant argues the first instance occurred during the testimony of Detective Brown. Detective Brown testified that he first began investigating Appellant as a result of another controlled buy involving another subject. Brown went on to testify that Appellant appeared at the location of the controlled buy. The prosecution then attempted to elicit what the Appellant did at this initial controlled buy. Appellant's trial counsel objected, and the trial court sustained the objection. Therefore, no further evidence was presented regarding this initial controlled buy involving an individual other than the Appellant.
 {¶ 21} Appellant also asserts that Detective Brown testified about an uncharged assault involving Appellant and a victim who was fourteen years old. This testimony was elicited by the State to demonstrate why Detective Brown began investigating Appellant. Appellant did not object to this portion of the testimony. As such, Appellant has waived any claim of error regarding this instance of testimony regarding uncharged crimes. State v.Roberts, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 20.
 {¶ 22} As previously noted, a trial court has broad discretion in the admission of evidence, and this Court will not interfere unless the trial court has abused its discretion and the defendant has been materially prejudiced thereby. State v.Galloway (Jan. 31, 2001), 9th Dist. No. 19752. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} Appellant has not identified any prejudice based on the testimony of Detective Brown regarding the uncharged assault. Further, the trial court sustained his objection to testimony regarding Appellant's participation in an uncharged crime, a drug buy involving another suspect. Additionally, the trial court offered to give the jury a curative instruction, and Appellant declined the opportunity to instruct the jury on the use of the Detective's testimony. As noted previously, ample evidence was produced to support each of Appellant's convictions. As such, we cannot say that the introduction of evidence establishing why the Appellant was under investigation materially prejudiced the Appellant. Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 24} Appellant's three assignments of error are overruled, and the judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Concurs.
Carr, P.J., Concurs in judgment only.