DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Leon Campbell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was arrested on September 25, 2005 and charged with committing four separate offenses including one count of felonious assault, in violation of R.C.2903.11(A)(1)/(2), a felony of the second degree; one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the second degree and two counts of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), misdemeanors of the second degree. The case proceeded to trial on December 19, 2005. Appellant was acquitted of the felonious assault charge but convicted of the assault and criminal damaging or endangering charges. The trial court sentenced Appellant to six months incarceration for the assault conviction and ninety days incarceration for the two criminal damaging or endangering convictions. Appellant's sentences for the two convictions for criminal damaging or endangering were to be served concurrently with each other but consecutively to his assault conviction. Appellant was given twenty-five days credit for time served while awaiting disposition of this case. Appellant timely appealed his convictions, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED [APPELLANT'S] MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIM.R. 29."
 {¶ 3} In Appellant's first assignment of error, he challenges the sufficiency of the evidence produced against him at trial. We begin by noting that Appellant's motion for acquittal in the lower court only addressed the felonious assault charge. Appellant was acquitted of that charge. On appeal, Appellant states that he is only challenging the assault conviction. If a Crim.R. 29 motion for acquittal is not made by a defendant, he waives all arguments regarding sufficiency on appeal. State v.Cayson (May 14, 1998), 8th Dist. No. 72712. Further, a motion for judgment of acquittal on one charge does not preserve a challenge to other charges not encompassed by that motion. Statev. Welch, 9th Dist. No. 22002, 2004-Ohio-4582, at ¶ 10. As such, Appellant has waived sufficiency claims on all other counts. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED [APPELLANT] HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT CONFRONTATION CLAUSE BY ADMITTING THE HEARSAY STATEMENTS OF JAIL HOUSE TAPE RECORDINGS OVER THE OBJECTION OF COUNSEL AND BY ALLOWING NO SPECIFIC RECORD OF SUCH RECORDINGS TO BE MAINTAINED FOR APPEAL."
 {¶ 4} In his second assignment of error, Appellant contends that the trial court erred in admitting hearsay statements over his counsel's objection and by permitting no record of these recordings to be maintained for appeal.
 {¶ 5} As an initial matter, we note that based on the record before us, it appears that Appellant has completed his sentences for both of his misdemeanor convictions. Appellant was sentenced on December 19, 2005. He completed this sentence on or about June 13, 2006. "An appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him." (Emphasis sic). State v. Tolbert, 9th Dist. No. 21203, 2003-Ohio-2160, at ¶ 6. Where a defendant has completed his sentence — i.e. paid the fine or completed the sentence, "`an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' State v. Berndt (1987),29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, at syllabus.
 {¶ 6} Here, Appellant first urges that his appeal is not moot because "there is nothing within the record to address * * * whether [Appellant] made restitution." He further asserts that "[t]he undetermined nature of the issue of restitution certainly leaves open whether [Appellant] has completed his sentence." However, this deficiency in the record does not demonstrate that Appellant's appeal is not moot. "The burden of presenting evidence that he has such a `substantial stake in the judgment of conviction' is upon the defendant." Berndt, 29 Ohio St.3d at 4, quoting Wilson, 41 Ohio St.2d at 237. Consequently, Appellant cannot simply rely on the statement that he does not know whether he made restitution.
 {¶ 7} Appellant additionally argues that his appeal is not moot because he did not voluntarily serve his sentence. He notes that on three occasions he requested judicial release and on three other occasions he moved the court for orders modifying his sentence. We find that these actions do not establish that Appellant did not voluntarily serve his sentence. Merely availing himself of the statutory remedies provided to all inmates after
voluntarily entering the designated penal institution does not demonstrate that Appellant's service was not voluntary. Appellant at no time filed a motion to stay execution of his sentence — an act that would signify that he was not voluntarily serving his sentence. See Tolbert, supra, at ¶ 6 ("In this case, we cannot say that Appellant has voluntarily served his sentence, given his repeated motions for a stay of execution").
 {¶ 8} Appellant has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his misdemeanor convictions. Thus, this assignment of error is moot, and will not be discussed. Appellant's second assignment of error is overruled.
 III. {¶ 9} Appellant's two assignments of error are overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Boyle, J., concur.