JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Danene Young ("defendant") appeals from her conviction for unlawful sexual conduct with a minor. For the reasons that follow, we affirm.
 {¶ 2} Defendant admits that she engaged in sexual conduct with the victim on October 19, 2003. Defendant was 24 and the victim was 15 at that time.
 {¶ 3} Defendant's friend Amanda introduced her to the victim and another male named Steven. Amanda went to high school with the victim and Steven. Defendant drove herself, Amanda, the victim, and Steven around in her car where they consumed alcohol that defendant had purchased. The defendant rented a room for the group at a motel where she engaged in sexual conduct with the victim.
 {¶ 4} Later that evening, defendant and Amanda were stopped by police who were investigating a theft report from the motel. The officer testified that defendant appeared intoxicated. The officer subsequently confronted defendant's male companions, who he believed to be juveniles. All four individuals were arrested. Defendant made a statement to police where she reported her sexual conduct with the victim.
 {¶ 5} The victim and defendant never discussed their ages. The victim knew Steven and Amanda from school. At the time of the incident, the victim was in tenth grade. Amanda knew Steven was 16. Amanda always thought the victim was older than Steven because of the way he "carried" himself.
 {¶ 6} Defendant knew Amanda was 19 and that Steven was 16. Defendant denied knowing that the victim was 15. Defendant assumed that the victim was the same age as Steven, if not older. She assumed this because the victim was taller and had a deeper voice. Defendant knew that the victim was in high school.
 {¶ 7} The trial court concluded that defendant disregarded a known risk that the victim was under the age of 16. In particular, the court reasoned "when you're hanging around with boys that are sophomores in high school, not everybody's going to be 16. Some are going to be 15, some are going to be 16, some are driving, some aren't driving. The question is whether she had responsibility to figure that out before she did what she did."
 {¶ 8} The court found defendant guilty and imposed sentence. Defendant raises two assignments of error for our review, which we will address together.
 {¶ 9} "I. The trial court erred by not granting appellant's motion for judgment of acquittal because the State failed to prove that appellant was reckless as to the age of the victim.
 {¶ 10} "II. Appellant's conviction was against the manifest weight of the evidence."
 {¶ 11} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 13} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 14} Defendant was charged with unlawful sexual conduct with a minor in violation of R.C. 2907.04.
 {¶ 15} R.C. 2907.04 provides: "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 16} The only element in dispute was whether the defendant was reckless in not knowing the victim was under 16.
 {¶ 17} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C). The legislature intentionally based the definition of "recklessness" on the likelihood, rather than the probability, of a certain result. See Id. at notes. "[S]omething is `likely' when there is merely good reason for expectation or belief." Id.
 {¶ 18} In this case, defendant maintains she was not reckless because the victim did not look like he was 15. The victim was taller than Steven and had a deeper voice, therefore, she assumed he was at least Steven's age. Defendant's mere assumptions are not enough to overcome a finding of recklessness under these circumstances. See State v. Hahn, Washington App. No. 02CA22, 2003-Ohio-788 (upholding conviction where offender engaged in consensual sexual conduct with minor he had just met, knew nothing about, but thought was 16 or 17).
 {¶ 19} Defendant was knowingly socializing with high school students. She knew Steven was only 16 and had never met the victim before October 19, 2003. The victim did not say he was 16 or older. The victim did not try to conceal his age from anyone. The subject of age was never discussed. Nonetheless, defendant engaged in sexual conduct with the victim without making any attempt to ascertain his age (and/or to verify her assumption that he was 16 or older). The victim did not have false identification and defendant knew that the victim was not old enough to purchase alcohol. The court found there was sufficient evidence to create an issue of fact as to whether defendant acted recklessly. It was not error to deny defendant's motion for acquittal for this reason.
 {¶ 20} As set forth above, the trial court provided the following reasoning: "when you're hanging around with boys that are sophomores in high school, not everybody's going to be 16. Some are going to be 15, some are going to be 16, some are driving, some aren't driving. The question is whether she had responsibility to figure that out before she did what she did." The trial court, acting as trier of fact, concluded that defendant acted recklessly by engaging in sexual conduct with the victim. Having reviewed the entire record, we cannot say that the trial court clearly lost its way in assessing the evidence such that a manifest injustice occurred. Therefore, defendant's claim that her conviction is against the manifest weight of the evidence is overruled.
 {¶ 21} Both the weight and sufficiency of the evidence support defendant's conviction. Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., Concurs.
 Blackmon, A.J., dissents. (See dissenting opinion attached).
 DISSENTING OPINION