[Cite as *State v. Washington*, 2012-Ohio-1531.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96565 and 96568**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BRIAN K. WASHINGTON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED; REMANDED**
**FOR CORRECTIONS**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-535298 and CR-542057

**BEFORE:** Blackmon, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANT**

John W. Hawkins
Center Plaza North
35353 Curtis Blvd., Suite 441
Eastlake, Ohio 44095


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Maxwell M. Martin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant Brian K. Washington ("Washington") appeals his convictions for theft of a motor vehicle and attempt to have a weapon while under disability and assigns the following error for our review:

**Defendant was materially prejudiced by the failure of the court to inform defendant of his right to proceed pro se with a standby counsel appointed by the court after the court allowed his attorney to withdraw.**

{¶2}   Having reviewed the record and pertinent law, we affirm Washington's convictions but remand for the trial court to correct the journal entry.   The apposite facts follow.

## Facts

{¶3}   On April 18, 2002, the Cuyahoga County Grand Jury indicted Washington in Case No. CR-535298 for aggravated robbery, kidnapping, two counts of theft, possessing a defaced firearm, and having weapons while under disability.[1]   Washington initially entered a not guilty plea, and a bench trial commenced.   On February 3, 2011, after the trial began, Washington retracted his not guilty plea and entered a plea of guilt to one count each of theft and attempt to have a weapon while under disability.   The court

---

[1]Washington was also indicted in Case No. CR-542057 for receiving stolen property.   Although the cases were consolidated for appeal, the motion to withdraw Washington's guilty plea, which is the subject of the instant appeal, was only filed in Case No. CR-535298.

would only accept the plea if both Washington and his co-defendant pled. Both defendants accepted the plea.

{¶4} On February 7, 2011, Washington filed a pro se motion to withdraw his plea. On February 24, 2011, his trial counsel filed a motion to withdraw from representing Washington because he did not agree with Washington's motion to withdraw his plea. After conducting a hearing, the trial court granted Washington's counsel's motion to withdraw representation and set a hearing on Washington's motion to withdraw his plea. In so doing, the trial court explained to Washington that case law from the court of appeals did not allow him to proceed with a pro se motion if he had appointed counsel who did not agree with the motion. Washington still maintained he wanted counsel. The court then appointed Washington new counsel in hopes his new attorney would adopt Washington's pro se motion to withdraw his plea. However, Washington's second attorney also disagreed with Washington's motion to withdraw his plea.

{¶5} The trial court then explained to Washington that according to case law, the only way it could proceed to review his pro se motion to withdraw his plea was if Washington agreed to proceed pro se. Washington refused to represent himself or withdraw his motion. The trial court, therefore, concluded that Washington's pro se motion to withdraw his plea was not properly before the court and refused to consider the motion. The trial court proceeded to sentence Washington to 36 months of community control, 300 hours of community service, and drug rehabilitation.

**Withdrawal of Guilty Plea**

{¶6} In his sole assigned error, Washington contends the trial court did not advise Washington that if he proceeded pro se, he could still consult with his appointed attorney.

{¶7} "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus. In *Martin*, the Ohio Supreme Court noted that hybrid representation must be avoided because it poses difficult ethical issues for counsel when there is a conflict between counsel and the defendant as to how the case should proceed. *Id.* at ¶ 33. Standby counsel is appointed to attend the trial and answer the defendant's questions regarding courtroom procedure. *State v. Owens*, 3d Dist. No. 1-07-66, 2008-Ohio-4161, at ¶ 26.

{¶8} In *State v. Gatewood*, 2d Dist. No. 2008 CA 64, 2009-Ohio-5610, at ¶46, the court explained.

> **The trial court did not discuss with Gatewood his right to proceed pro se with the assistance of standby counsel, which can be asserted independently of the right to representation by counsel, *Martin*, 103 Ohio St.3d 385 at ¶ 32, 816 N.E.2d 227; nor can we tell if the court considered appointing standby counsel. *McKaskle* [*v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)]. We note that a pro se defendant does not enjoy an absolute right to standby counsel, see, e.g., *United States v. Kesser* (C.A.8, Aug. 27, 2009), ___F.3d ___, Case Nos. 07-3878, 08-3800, nor does he have an absolute right to have the court advise him of the possibility of standby counsel. See, e.g., *United States v. Mendez-Sanchez* (C.A.9, 2009), 563 F.3d 935. However, this may be**

**a part of analyzing a court's decision to permit a trial to proceed without counsel.**

{¶9} In *State v. Edmonds*, 2d Dist. Nos. 24155 and 24156, 2011-Ohio-1282, the defendant argued that his standby counsel was ineffective for not being present for all the court proceedings and not providing more assistance. The *Edmonds* court held that standby counsel cannot be deemed ineffective because:

> **[n]umerous courts have recognized that a defendant enjoys no Sixth Amendment right to assistance from stand-by counsel. See, e.g., *United States v. Keiser* (8th Cir.2009), 578 F.3d 897, 903; *United States v. Morrison* (2nd Cir.1998), 153 F.3d 34, 55; *Childress v. Johnson* (5th Cir.1997), 103 F.3d 1221, 1232 (observing that "standby counsel is, in constitutional terms, no counsel at all").**

{¶10} Thus, based on this case law, the court was not obligated to inform Washington that he could have the assistance of standby counsel.

{¶11} Because he chose to proceed with legal representation, the court could not consider Washington's motion to withdraw his plea, which his appointed counsel did not agree with. In a similar case, this court in *State v. Pizzarro*, 8th Dist. No. 94849, 2011-Ohio-611, held, "Had the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law." *Id.* at ¶ 9. *See also State v. Davis*, 10th Dist. No. 05AP-193, 2006-Ohio-193, at ¶12 ("[W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the

defendant pro se, such motions are not proper and the trial court may strike them from the record.") Accordingly, Washington's sole assigned error is overruled.

{¶12} Although we affirm the trial court's judgment, we must remand the matter for the trial court to include in the journal entry the conditions of Washington's community control. The journal entry was sufficient to constitute a final appealable order, pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. However, as a matter of form, the journal entry should also include the conditions of the community control imposed by the trial court.

{¶13} Judgment affirmed; remanded for corrections.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR