[Cite as *State v. Hardman*, 2015-Ohio-5141.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102600**

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### DEAFRED C. HARDMAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585663-B

**BEFORE:** Keough, J., Celebrezze, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Holly Welsh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Deafred Hardman,[1] appeals his convictions. For the reasons that follow, we reverse and remand for a new trial.

{¶2} In 2014, Hardman and his codefendants, Charles Bullard and Emmanuel Leon Johnson, were named in a five-count indictment stemming from activities involving a 15-year-old female. Hardman was charged with one count each of compelling prostitution and unlawful sexual conduct with a minor. He pleaded not guilty and was appointed counsel. The case was tried before a jury.

{¶3} Following the testimony of the detective assigned to the case and the social worker from Cuyahoga County Department of Children and Family Services, the victim testified. During the middle of her testimony, Hardman personally expressed to the trial judge that his attorney was not asking the questions he wanted his attorney to ask. The court reminded Hardman that based on the rules of evidence, there are some questions that are not proper for an attorney to ask. The court then offered Hardman the option of representing himself in the case and advised that the court "could not stop [him] from representing [himself]." (Tr. 360.) The court further stated that if Hardman chose to represent himself, "there's no going back and forth" on that decision. (Tr. 360.) The court reminded Hardman, however, that his attorney was an experienced lawyer and not required to ask any particular questions just because Hardman wanted him to.

{¶4} Hardman inquired about self-representation — when he would have to assert that right, and whether he could use the evidence provided by the state to his defense attorney and

---

[1] Hardman's legal name is "Dealfred."

witness statements. The trial court presented Hardman with the waiver of counsel and advised him that he could use the evidence in accordance with the rules of evidence. Hardman indicated he needed time to review the waiver of counsel. Thereafter, the court recessed for lunch.

{¶5} Following the recess, Hardman indicated that he was going to keep his attorney. (Tr. 365.) The trial court reiterated that he had a right to counsel, "but likewise, I can't force him on you. If you choose to represent yourself — ." (Tr. 365.) Hardman again stated that he just wanted his attorney to "ask some important questions that I definitely want asked, that's all." (Tr. 365.) The court then gave Hardman a sports analogy where in basketball you have to follow the rules of the game. And in court, you have to follow the rules, which his attorney knew and understood.

{¶6} After another discussion off the record, Hardman expressed that he wanted to represent himself. The court gave Hardman another recess to discuss his decision with his attorney. Following the recess, Hardman stated he wanted to represent himself. The trial court presented Hardman with the "Waiver of Right to Counsel and Expression of Intent to Proceed Pro Se under Crim.R. 44." The waiver — which explained his rights, the charges he was facing, and the penalties associated therewith, and acknowledged that he received the state's discovery, the state has the burden of proof, the legal defenses available, and the perils of proceeding pro se — was read in open court.

{¶7} The waiver also included statements about standby counsel. The court advised Hardman that,

> I understand that this Court may appoint standby counsel for me but that standby counsel may only act on my behalf if I'm no longer representing myself, under [*State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227].

I know that I do not have the right to hybrid representation that is I do not have the right to both represent myself and have an attorney, including standby counsel, represent me at the same time. Again, that's under the [*Martin*] case.

(Tr. 373.)

I further understand that if I elect to represent myself at trial I will not have the assistance of an attorney to help me comply with the applicable legal requirements, rules of evidence, and rules of procedure.

(Tr. 376.)

{¶8} After being so advised, Hardman signed in open court the Crim.R. 44 waiver of counsel presented to him. The court then inquired of Hardman's defense attorney, "were you intending on standing by as standby counsel or are you intending on leaving?" (Tr. 378.) Counsel responded that he preferred "to be excused." (Tr. 379.) The trial court excused counsel from the case and immediately requested that the victim-witness be recalled to the stand for trial to continue. No further discussion occurred about standby counsel.

{¶9} Hardman indicated that he was just now receiving the discovery materials and that he had not read all the discovery. The court reminded him that was part of the dangers of proceeding pro se, but now that he had the discovery, "as we go along, you can review it as you see fit, I suppose." (Tr. 379-380.) The court asked Hardman's defense attorney to confirm that he had provided Hardman with discovery; counsel, however, admitted that he had only provided Hardman with the "counsel only" documents just then. Nevertheless, the court resumed the trial with the state continuing its direct examination of the victim and Hardman proceeding without counsel, including standby counsel.

{¶10} Following the close of the state's case, the trial court advised Hardman of his right to call witnesses and to testify, and he indicated he would be doing both. He did not make a Crim.R. 29 motion for judgment of acquittal. After calling two witnesses and testifying in his

defense, Hardman rested his case. Again, he did not make a Crim.R. 29 motion for judgment of acquittal.

{¶11} The jury returned guilty verdicts on both counts, and the court sentenced him to consecutive 18-month prison terms, for a total of 36-months incarceration. Hardman now appeals, raising three assignments of error, which will be addressed out of order.

## I. Self-Representation

{¶12} In his second assignment of error, Hardman contends that the trial court committed reversible error and violated his state and federal due process rights and right to counsel when the court (1) sua sponte raised the idea of self-representation mid-trial, (2) included in its counsel waiver-colloquy a reference to the appointment of standby counsel, (3) delegated the issue of acting as standby counsel to the discharged attorney, (4) failed to appoint standby counsel, (5) failed to grant any continuance despite Hardman never seeing discovery prior to trial, and (6) failed to grant any continuance when pro se representation was ordered to begin in the middle of the victim's testimony. We agree that Hardman's right to counsel was violated.

{¶13} A defendant's right to self-representation has long been recognized. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a trial court is presented with a request by a defendant to proceed pro se, the trial court must consider whether the request is (1) timely and (2) unequivocal — that he knowingly, intelligently, and voluntarily waives his right to counsel. *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2009-Ohio-5940, ¶ 50; *State v. Cassano*, 96 Ohio St.3d 94, 100, 2002-Ohio-3751, 772 N.E.2d 81.

{¶14} After a trial has commenced, the decision about whether to grant a defendant's request to represent himself is within the discretion of the trial court. *State v. Kendrick*, 8th Dist. Cuyahoga No. 59381, 1991 Ohio App. LEXIS 5604 (Nov. 21, 1981), citing *Robards v.*

*Rees*, 789 F.2d 379, 384 (6th Cir.1986). "The appropriate criteria for a trial judge to consider are the defendant's reasons for the self-representation request, the quality of the counsel representing the party, and the defendant's prior proclivity to substitute counsel." *State v. Reed*, 1st Dist. Hamilton Nos. C-940315 and C-940322, 1996 Ohio App. LEXIS 4860 (Nov. 6, 1996), citing *United States v. Matsushita*, 794 F.2d 46, 51 (2d Cir.1986).

{¶15} In this case, Hardman's request to proceed pro se, which was prompted by the trial court, was arguably untimely because it was made in the middle of trial. *Cassano*, (finding defendant's request to proceed pro se untimely when the request was made three days prior to trial); *United States v. Oakley*, 853 F.2d 551, 553 (7th Cir.1988) (request to proceed pro se after the third day of trial is untimely). Our review of the record shows that at no time prior to this suggestion by the trial court did Hardman ever express any dissatisfaction with his trial counsel or that he wished to have other counsel appointed. Therefore, the trial court could have denied Hardman's request to proceed pro se on timeliness alone. Nevertheless, the trial court allowed Hardman to proceed pro se and without standby counsel.

{¶16} "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus. Standby counsel serves as an important resource for pro se defendants by assisting them to navigate "the basic rules of courtroom protocol" and to "overcome routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.Ct.944, 79 L.Ed.2d 122 (1984). While hybrid representation is prohibited, standby counsel is appointed to attend the trial and answer the defendant's questions regarding courtroom procedure. *State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 26.

**{¶17}** However, it has been established that a pro se defendant does not enjoy an absolute right to standby counsel.  State *v. Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610, ¶ 46; citing *United States v. Kesser*, 578 F.3d 897 (8th Cir.2009); *see also State v. Bloodworth*, 9th Dist. Summit No. 26346, 2013-Ohio-248.  This court further noted that a pro se defendant does not have an absolute right to have the court advise him of the assistance or possibility of standby counsel.  *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 10, citing *Gatewood* at *id.*, citing *United States v. Mendez-Sanchez*, 563 F.3d 935 (9th Cir.2009).

**{¶18}** However, we agree with the Second District that whether the trial court discussed the right to proceed pro se with the assistance of standby counsel and whether it even considered appointing standby counsel are considerations that "may be a part of analyzing a court's decision to permit a [defendant] to proceed without counsel."  *Gatewood* at *id*.

**{¶19}** In this case and during the waiver-of-counsel colloquy, the trial court advised Hardman that the court may appoint standby counsel.  However, the trial court advised that standby counsel would not "help [him] comply with the applicable legal requirements, rules of evidence, and rules of procedure."  (Tr. 376.)  This statement is contrary to established case law.  *See McCaskle, supra* and *Owens, supra*.  The assistance of standby counsel in this case is relevant because, as will be discussed, Hardman did not move for a Crim.R. 29 motion for judgment of acquittal.  Standby counsel could have advised Hardman to make this routine trial motion to preserve the argument for appeal.

**{¶20}** Furthermore, the trial court did not ask Hardman whether he wished to have standby counsel.  Rather, the trial court asked appointed counsel if he "wanted to stay on as standby counsel or be excused."  From the record, it appears that the trial court did not consider

appointing Hardman standby counsel after his appointed counsel chose to be excused from the proceedings.

**{¶21}** Because the trial court advised Hardman of the possibility of standby counsel, it was an abuse of discretion not to inquire whether Hardman wished to have standby counsel. If the trial court decides that standby counsel should not be made available to a defendant, at the very least, the court should note on the record its reasons for not providing standby counsel to the defendant. Because we must indulge every reasonable presumption against the waiver of the fundamental constitutional right to be represented by counsel, we conclude that the trial court erred in failing to discuss with Hardman whether standby counsel was appropriate or necessary.

**{¶22}** The trial court's decision to not appoint standby counsel and to allow appointed counsel to leave mid-trial is particularly troubling considering that the court was not granting Hardman a continuance to review discovery materials and prepare for trial. Despite Hardman and his appointed attorney admitting that Hardman had not reviewed all of the discovery available to his attorney, the court immediately resumed the trial. When the trial court allowed Hardman to proceed alone, the trial was at the pivotal point — the state's main witness, the victim, was in the middle of testifying. Furthermore, a mid-trial dismissal of counsel leaves the door open for speculation by the jury. *See State v. Bentley*, 5th Dist. Stark No. 2000CA00147, 2000 Ohio App. LEXIS 5041 (Oct. 30, 2000) (finding no error by the trial court in denying a mid-trial request for self-representation because the effect of absent defense counsel leaves the jury to speculate why the defendant was no longer represented by counsel).

**{¶23}** Reviewing the circumstances of the case and the relevant law, we find the trial court erred by not offering Hardman the assistance of standby counsel; thus denying him his

constitutional right to counsel.   Accordingly, Hardman's second assignment of error is sustained.

## II.   Sufficient Evidence — Age of the Victim

{¶24} In his first assignment of error, Hardman contends that his conviction for unlawful sexual conduct with a minor is not supported by legally sufficient evidence as required by state and federal due process.   Specifically, he contends that insufficient evidence was presented to prove that he knew the victim was under the age of 16 or that he was reckless with respect to her age.

{¶25} We note that Hardman failed to move for a Crim.R. 29 motion for judgment of acquittal after the state's case and after he presented his defense. A review of the relevant law reveals an inconsistent application of whether failing to move for a Crim.R. 29 judgment of acquittal during a jury trial waives any sufficiency argument on appeal.   *See State v. Israel*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474 (recognizing inconsistent application of the reviewing standard).

{¶26} In *Dayton v. Rogers*, 60 Ohio St.2d 162, 163, 398 N.E.2d 781 (1979), *overruled on other grounds State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), the Ohio Supreme Court held that in a bench or non-jury trial, a defendant's plea of not guilty serves as a Crim.R. 29 motion.   In *State v. Carter*, 64 Ohio St.3d 218, 223, 594 N.E.2d 595 (1992), the court again determined that a defendant's not guilty plea preserved his right to object to alleged insufficiency of evidence proving a death penalty specification involving a prior offense, which was tried to the bench.   *Id*. at 221-223, citing *Rogers*.

{¶27} However, in *State v. Jones*, 91 Ohio St.3d 335, 346, 744 N.E.2d 1163 (2001), the Ohio Supreme Court seems to have expanded this concept.   *Jones*, which involved a jury trial,

cited *Carter* for the proposition that "the defendant's 'not guilty' plea preserved his right to object to the alleged insufficiency of the evidence proving the prior offense [for a death penalty specification]." *Id*. at 345, citing *Carter* at *id*.

{¶28} As a result, a number of appellate districts, including this district, have relied on both *Jones* and *Carter* for the proposition that a defendant does not need to make a Crim.R. 29 motion for judgment of acquittal at any point during trial to preserve a sufficiency argument on appeal. *See State v. McSwain*, 8th Dist. Cuyahoga No. 83394, 2004-Ohio-3292, ¶ 21; *State v. Byrd*, 8th Dist. Cuyahoga No. 82145, 2003-Ohio-3958, ¶ 16 (Crim.R. 29 arguments not waived because of not guilty plea in a jury trial); *State v. Coe*, 153 Ohio App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222 (4th Dist.), *State v. Clutter*, 7th Dist. Columbiana No. 03 CO 33, 2004-Ohio-1372.

{¶29} However, a number of appellate districts, including this district have continued to rely on *Rogers* to find that only in bench or non-jury trials does the defendant's not guilty plea obviate the necessity for a Crim.R. 29 motion for judgment of acquittal. And unless a defendant moves for acquittal pursuant to Crim.R. 29 during a jury trial, he waives all but plain error regarding the issue of sufficiency of the evidence on appeal. *See State v. Ellsworth*, 8th Dist. Cuyahoga No. 83040, 2004-Ohio-4092; *State v. Reid*, 8th Dist. Cuyahoga No. 83206, 2004-Ohio-2018; *State v. Evans*, 8th Dist. Cuyahoga No. 85396, 2005-Ohio-3847, ¶ 11; *State v. Turner*, 91 Ohio App.3d 153, 157, 631 N.E.2d 1117 (1st Dist.1993); *State v. Welch*, 2d Dist. Montgomery No. 25921, 2014-Ohio-3349; *State v. Flory*, 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, *State v. Blausey*, 5th Dist. Licking No. 2006-CA-36, 2006-Ohio-5536; *State v. Jeter*, 6th Dist. Erie No. E-02-047, 2004-Ohio-1332; *State v. Campbell*, 9th Dist. Summit No.

23078, 2006-Ohio-4977; *State v. Boyle*, 11th Dist. Portage Nos. 2003-P-0027, 2003-P-0028, 2003-P-0029, 2004-Ohio-1531.

**{¶30}** The prevailing trend in this district and the other districts is the view under *Rogers* — that the sufficiency argument is waived if not made during a jury trial. *See Seven Hills v. Willits*, 8th Dist. Cuyahoga No. 75444, 1999 Ohio App. LEXIS 5701, *7 (Dec. 2, 1999), citing *State v. Williams*, 5th Dist. Richland No. 95 CA 93, 1996 Ohio App. LEXIS 6174, *4-5 (Dec. 3, 1996) (A court may only prevent or correct potential errors when they are timely brought to the court's attention. A defendant should not be permitted to benefit from an alleged error by waiting to raise the objection until there is no opportunity for the trial court to correct it.) Therefore, we review Hardman's assignment of error for plain error.

**{¶31}** Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, Crim.R. 52(B) does not require that an appellate court correct the error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 806, ¶ 23. Crim.R. 52(B) states only that a reviewing court "may" notice plain, forfeited errors; a court is not obliged to correct them. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). The Ohio Supreme Court has "acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* at *id.,* quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *see also United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) (appellate courts correct a plain error "if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'")

**{¶32}** In this case and keeping in mind the discretionary aspect of Crim.R. 52(B), we decline to recognize plain error, even if one exists. Plain error should only be noticed to "prevent a manifest miscarriage of justice." Considering that we are vacating Hardman's convictions and remanding the matter for a new trial, any error or injustice could be corrected or remedied at the new trial, if one occurs. Accordingly, Hardman's first assignment of error is overruled.

**{¶33}** Finding merit to Hardman's second assignment of error and granting him a new trial, his third assignment of error challenging the manifest weight of the evidence is rendered moot. *See, e.g., State v. Kozlosky*, 195 Ohio App.3d 343, 2011-Ohio-4814, 959 N.E.2d 1097 (8th Dist.) (unanimous decision reversing a jury verdict for being against manifest weight of the evidence affords the defendant a new trial; not discharge from those offenses).

**{¶34}** Judgment reversed; case remanded for new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

—————

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MARY EILEEN KILBANE, J., CONCUR