[Cite as *State v. Hardman*, 2016-Ohio-498.]

[Please see vacated opinion at 2015-Ohio-5141.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102600**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DEAFRED C. HARDMAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585663-B

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 11, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Holly Welsh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Deafred Hardman,[2] appeals his convictions. For the reasons that follow, we reverse and remand for a new trial.

{¶2} In 2014, Hardman and his codefendants, Charles Bullard and Emmanuel Leon Johnson, were named in a five-count indictment stemming from activities involving a 15-year-old female. Hardman was charged with one count each of compelling prostitution and unlawful sexual conduct with a minor. He pleaded not guilty and was appointed counsel. The case was tried before a jury, where the jury heard the following evidence pertinent to the appeal.

{¶3} On April 9, 2014, the 15-year-old victim ran away from home and spent almost two weeks living with various men until police forced her home. During those two weeks, the victim presented herself as a 20-year-old named "Tabitha," had consensual sexual relationships with numerous adult men, and appeared in an online advertisement offering sexual services. Pertaining to her less than 24-hour interaction with Hardman, the victim stated that when she met him, she was living with and having sexual relations with three adult men. She told Hardman she was 20 years old.

[1] The original decision in this appeal, *State v. Hardman*, 8th Dist. Cuyahoga No. 102600, 2015-Ohio-5141, released December 10, 2015, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

[2] Hardman's legal name is "Dealfred."

{¶4} While her testimony was contradictory to other evidence and testimony, the victim told the jury that Hardman introduced to her to a website called "Backpage," where she could make easy money. She testified that she used Hardman's cell phone to take pictures of herself and that Hardman posted the pictures on the Backpage ad he created for her. The ad, which was admitted into evidence, included several pictures of the victim in various states of undress. Furthermore, the ad indicated that the victim was 21 years old and included a contact phone number, which was Hardman's number. After creating the page, the victim and Hardman picked up another female and drove to a motel.

{¶5} At the motel, the victim engaged in sexual conduct with an unknown male for money. According to the victim, Hardman arranged the meeting and following the encounter, she gave half of the money to Hardman. The victim also told the jury about other encounters that Hardman arranged, but neither of those meetings involved sex. Nevertheless, she testified that Hardman received some of the monies paid for these encounters.

{¶6} The victim also testified that she and Hardman had consensual sex three or four times. According to the victim, they had sex at another male's house, Hardman's cousin's house, and then at the motel. Another witness testified that while he did not witness the two having sex, both Hardman and the victim told the witness about it.

{¶7} Hardman testified in his defense. He told the jury that another girl introduced him to the victim when they were already at the motel. He denied his involvement with

the Backpage ad, including taking photographs of the victim. He also denied that he engaged in sexual conduct with the victim.

{¶8} The jury returned guilty verdicts on both counts, and the court sentenced him to consecutive 18-month prison terms, for a total of 36 months incarceration. Hardman now appeals, raising three assignments of error, which will be addressed out of order.

## I. Self-Representation

{¶9} Following the testimony of the detective assigned to the case and the social worker from Cuyahoga County Department of Children and Family Services, the victim testified. During the middle of her testimony, Hardman personally expressed to the trial judge that his attorney was not asking the questions he wanted his attorney to ask. The court reminded Hardman that based on the rules of evidence, there are some questions that are not proper for an attorney to ask. The court then offered Hardman the option of representing himself in the case and advised that the court "could not stop [him] from representing [himself]." (Tr. 360.) The court further stated that if Hardman chose to represent himself, "there's no going back and forth" on that decision. (Tr. 360.) The court reminded Hardman, however, that his attorney was an experienced lawyer and not required to ask any particular questions just because Hardman wanted him to.

{¶10} Hardman inquired about self-representation — when he would have to assert that right, and whether he could use the evidence provided by the state to his defense attorney and witness statements. The trial court presented Hardman with the waiver of counsel and advised him that he could use the evidence in accordance with the rules of

evidence. Hardman indicated he needed time to review the waiver of counsel. Thereafter, the court recessed for lunch.

{¶11} Following the recess, Hardman indicated that he was going to keep his attorney. (Tr. 365.) The trial court reiterated that he had a right to counsel, "but likewise, I can't force him on you. If you choose to represent yourself — ." (Tr. 365.) Hardman again stated that he just wanted his attorney to "ask some important questions that I definitely want asked, that's all." (Tr. 365.) The court then gave Hardman a sports analogy where in basketball you have to follow the rules of the game. And in court, you have to follow the rules, which his attorney knew and understood.

{¶12} After another discussion off the record, Hardman expressed that he wanted to represent himself. The court gave Hardman another recess to discuss his decision with his attorney. Following the recess, Hardman stated he wanted to represent himself. The trial court presented Hardman with the "Waiver of Right to Counsel and Expression of Intent to Proceed Pro Se under Crim.R. 44." The waiver — which explained his rights, the charges he was facing, and the penalties associated therewith, and acknowledged that he received the state's discovery, the state has the burden of proof, the legal defenses available, and the perils of proceeding pro se — was read in open court.

{¶13} The waiver also included statements about standby counsel. The court advised Hardman that,

> I understand that this Court may appoint standby counsel for me but that standby counsel may only act on my behalf if I'm no longer representing myself, under [*State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227].

I know that I do not have the right to hybrid representation, that is I do not have the right to both represent myself and have an attorney, including standby counsel, represent me at the same time. Again, that's under the [*Martin*] case.

(Tr. 373.)

I further understand that if I elect to represent myself at trial I will not have the assistance of an attorney to help me comply with the applicable legal requirements, rules of evidence, and rules of procedure.

(Tr. 376.)

{¶14} After being so advised, Hardman signed in open court the Crim.R. 44 waiver of counsel presented to him. The court then inquired of Hardman's defense attorney, "were you intending on standing by as standby counsel or are you intending on leaving?" (Tr. 378.) Counsel responded that he preferred "to be excused." (Tr. 379.) The trial court excused counsel from the case and immediately requested that the victim-witness be recalled to the stand for trial to continue. No further discussion occurred about standby counsel.

{¶15} Hardman indicated that he was just now receiving the discovery materials and that he had not read all the discovery. The court reminded him that was part of the dangers of proceeding pro se, but now that he had the discovery, "as we go along, you can review it as you see fit, I suppose." (Tr. 379-380.) The court asked Hardman's defense attorney to confirm that he had provided Hardman with discovery; counsel, however, admitted that he had only provided Hardman with the "counsel only" documents just then.

Nevertheless, the court resumed the trial with the state continuing its direct examination of the victim and Hardman proceeding without counsel, including standby counsel.

{¶16} Following the close of the state's case, the trial court advised Hardman of his right to call witnesses and to testify, and he indicated he would be doing both. He did not make a Crim.R. 29 motion for judgment of acquittal. After calling two witnesses and testifying in his defense, Hardman rested his case. Again, he did not make a Crim.R. 29 motion for judgment of acquittal.

{¶17} In his second assignment of error, Hardman contends that the trial court committed reversible error and violated his state and federal due process rights and right to counsel when the court (1) sua sponte raised the idea of self-representation mid-trial, (2) included in its counsel waiver-colloquy a reference to the appointment of standby counsel, (3) delegated the issue of acting as standby counsel to the discharged attorney, (4) failed to appoint standby counsel, (5) failed to grant any continuance despite Hardman never seeing discovery prior to trial, and (6) failed to grant any continuance when pro se representation was ordered to begin in the middle of the victim's testimony. We agree that Hardman's right to counsel was violated.

{¶18} A defendant's right to self-representation has long been recognized. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a trial court is presented with a request by a defendant to proceed pro se, the trial court must consider whether the request is (1) timely and (2) unequivocal — that he knowingly, intelligently, and voluntarily waives his right to counsel. *State v. Halder*, 8th Dist. Cuyahoga No.

87974, 2009-Ohio-5940, ¶ 50; *State v. Cassano*, 96 Ohio St.3d 94, 100, 2002-Ohio-3751, 772 N.E.2d 81.

**{¶19}** After a trial has commenced, the decision about whether to grant a defendant's request to represent himself is within the discretion of the trial court. *State v. Kendrick*, 8th Dist. Cuyahoga No. 59381, 1991 Ohio App. LEXIS 5604 (Nov. 21, 1981), citing *Robards v. Rees*, 789 F.2d 379, 384 (6th Cir.1986). "The appropriate criteria for a trial judge to consider are the defendant's reasons for the self-representation request, the quality of the counsel representing the party, and the defendant's prior proclivity to substitute counsel." *State v. Reed*, 1st Dist. Hamilton Nos. C-940315 and C-940322, 1996 Ohio App. LEXIS 4860 (Nov. 6, 1996), citing *United States v. Matsushita*, 794 F.2d 46, 51 (2d Cir.1986).

**{¶20}** In this case, Hardman's request to proceed pro se, which was prompted by the trial court, was arguably untimely because it was made in the middle of trial. *Cassano*, (finding defendant's request to proceed pro se untimely when the request was made three days prior to trial); *United States v. Oakley*, 853 F.2d 551, 553 (7th Cir.1988) (request to proceed pro se after the third day of trial is untimely). Our review of the record shows that at no time prior to this suggestion by the trial court did Hardman ever express any dissatisfaction with his trial counsel or that he wished to have other counsel appointed. Therefore, the trial court could have denied Hardman's request to proceed pro se on timeliness alone. Nevertheless, the trial court allowed Hardman to proceed pro se and without standby counsel.

**{¶21}** "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus. Standby counsel serves as an important resource for pro se defendants by assisting them to navigate "the basic rules of courtroom protocol" and to "overcome routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.Ct.944, 79 L.Ed.2d 122 (1984). While hybrid representation is prohibited, standby counsel is appointed to attend the trial and answer the defendant's questions regarding courtroom procedure. *State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 26.

**{¶22}** However, it has been established that a pro se defendant does not enjoy an absolute right to standby counsel. State *v. Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610, ¶ 46; citing *United States v. Kesser*, 578 F.3d 897 (8th Cir.2009); *see also State v. Bloodworth*, 9th Dist. Summit No. 26346, 2013-Ohio-248. This court further noted that a pro se defendant does not have an absolute right to have the court advise him of the assistance or possibility of standby counsel. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 10, citing *Gatewood* at *id.*, citing *United States v. Mendez-Sanchez*, 563 F.3d 935 (9th Cir.2009).

**{¶23}** However, we agree with the Second District that whether the trial court discussed the right to proceed pro se with the assistance of standby counsel and whether it even considered appointing standby counsel are considerations that "may be a part of

analyzing a court's decision to permit a [defendant] to proceed without counsel." *Gatewood* at *id*.

**{¶24}** In this case and during the waiver-of-counsel colloquy, the trial court advised Hardman that the court may appoint standby counsel. However, the trial court advised that standby counsel would not "help [him] comply with the applicable legal requirements, rules of evidence, and rules of procedure." (Tr. 376.) This statement is contrary to established case law. *See McCaskle, supra* and *Owens, supra*. The assistance of standby counsel in this case is relevant because, as will be discussed, Hardman did not move for a Crim.R. 29 motion for judgment of acquittal. Standby counsel could have advised Hardman to make this routine trial motion to preserve the argument for appeal.

**{¶25}** Furthermore, the trial court did not ask Hardman whether he wished to have standby counsel. Rather, the trial court asked appointed counsel if he "wanted to stay on as standby counsel or be excused." From the record, it appears that the trial court did not consider appointing Hardman standby counsel after his appointed counsel chose to be excused from the proceedings.

**{¶26}** Because the trial court advised Hardman of the possibility of standby counsel, it was an abuse of discretion not to inquire whether Hardman wished to have standby counsel. If the trial court decides that standby counsel should not be made available to a defendant, at the very least, the court should note on the record its reasons for not providing standby counsel to the defendant. Because we must indulge every reasonable presumption against the waiver of the fundamental constitutional right to be

represented by counsel, we conclude that the trial court erred in failing to discuss with Hardman whether standby counsel was appropriate or necessary.

{¶27} The trial court's decision to not appoint standby counsel and to allow appointed counsel to leave mid-trial is particularly troubling considering that the court was not granting Hardman a continuance to review discovery materials and prepare for trial. Despite Hardman and his appointed attorney admitting that Hardman had not reviewed all of the discovery available to his attorney, the court immediately resumed the trial. When the trial court allowed Hardman to proceed alone, the trial was at the pivotal point — the state's main witness, the victim, was in the middle of testifying. Furthermore, a mid-trial dismissal of counsel leaves the door open for speculation by the jury. *See State v. Bentley*, 5th Dist. Stark No. 2000CA00147, 2000 Ohio App. LEXIS 5041 (Oct. 30, 2000) (finding no error by the trial court in denying a mid-trial request for self representation because the effect of absent defense counsel leaves the jury to speculate why the defendant was no longer represented by counsel).

{¶28} Reviewing the circumstances of the case and the relevant law, we find the trial court erred by not offering Hardman the assistance of standby counsel; thus denying him his constitutional right to counsel. Accordingly, Hardman's second assignment of error is sustained.

## II. Sufficiency of the Evidence — Age of the Victim

{¶29} In his first assignment of error, Hardman contends that his conviction for unlawful sexual conduct with a minor is not supported by legally sufficient evidence as

required by state and federal due process. Specifically, he contends that insufficient evidence was presented to prove that he knew the victim was under the age of 16 or that he was reckless with respect to her age.

{¶30} We note that Hardman failed to move for a Crim.R. 29 motion for judgment of acquittal after the state's case and after he presented his defense. A review of the relevant law reveals an inconsistent application of whether failing to move for a Crim.R. 29 judgment of acquittal during a jury trial waives any sufficiency argument on appeal. *See State v. Israel*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474 (recognizing inconsistent application of the reviewing standard).

{¶31} In *Dayton v. Rogers*, 60 Ohio St.2d 162, 163, 398 N.E.2d 781 (1979), *overruled on other grounds, State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), the Ohio Supreme Court held that in a bench or non-jury trial, a defendant's plea of not guilty serves as a Crim.R. 29 motion. In *State v. Carter*, 64 Ohio St.3d 218, 223, 594 N.E.2d 595 (1992), the court again determined that a defendant's not guilty plea preserved his right to object to alleged insufficiency of evidence proving a death penalty specification involving a prior offense, which was tried to the bench. *Id*. at 221-223, citing *Rogers*.

{¶32} In *State v. Jones*, 91 Ohio St.3d 335, 346, 744 N.E.2d 1163 (2001), the Ohio Supreme Court seems to have expanded this concept. *Jones*, which involved a jury trial, cited *Carter* for the proposition that "the defendant's 'not guilty' plea preserved his right

to object to the alleged insufficiency of the evidence proving the prior offense [for a death penalty specification]." *Id.* at 345, citing *Carter* at *id.*

**{¶33}** As a result, a number of appellate districts, including this district, have relied on both *Jones* and *Carter* for the proposition that a defendant does not need to make a Crim.R. 29 motion for judgment of acquittal at any point during trial to preserve a sufficiency argument on appeal. *See State v. McSwain*, 8th Dist. Cuyahoga No. 83394, 2004-Ohio-3292, ¶ 21; *State v. Byrd*, 8th Dist. Cuyahoga No. 82145, 2003-Ohio-3958, ¶ 16 (Crim.R. 29 arguments not waived because of not guilty plea in a jury trial); *State v. Coe*, 153 Ohio App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222 (4th Dist.), *State v. Clutter*, 7th Dist. Columbiana No. 03 CO 33, 2004-Ohio-1372.

**{¶34}** However, a number of appellate districts, including this district, have continued to rely on *Rogers* to find that only in bench or non-jury trials does the defendant's not guilty plea obviate the necessity for a Crim.R. 29 motion for judgment of acquittal, and unless a defendant moves for acquittal pursuant to Crim.R. 29 during a jury trial, he waives all but plain error regarding the issue of sufficiency of the evidence on appeal. *See State v. Ellsworth*, 8th Dist. Cuyahoga No. 83040, 2004-Ohio-4092; *State v. Reid*, 8th Dist. Cuyahoga No. 83206, 2004-Ohio-2018; *State v. Evans*, 8th Dist. Cuyahoga No. 85396, 2005-Ohio-3847, ¶ 11; *State v. Turner*, 91 Ohio App.3d 153, 157, 631 N.E.2d 1117 (1st Dist.1993); *State v. Welch*, 2d Dist. Montgomery No. 25921, 2014-Ohio-3349; *State v. Flory*, 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, *State v. Blausey*, 5th Dist. Licking No. 2006-CA-36, 2006-Ohio-5536; *State v. Jeter*, 6th Dist. Erie No.

E-02-047, 2004-Ohio-1332; *State v. Campbell*, 9th Dist. Summit No. 23078, 2006-Ohio-4977; *State v. Boyle*, 11th Dist. Portage Nos. 2003-P-0027, 2003-P-0028, 2003-P-0029, 2004-Ohio-1531.

**{¶35}** Nevertheless, while there appears to be an inconsistent application of the standard of review, "a conviction based on legally insufficient evidence constitutes a denial of due process." *Israel* at ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). Accordingly, if the evidence is insufficient, regardless of whether we review the arguments for prejudicial error or plain error, the conviction must be reversed. *Israel* at *id.*, *State v. McKinney*, 10th Dist. Franklin No. 08AP-23, 2008-Ohio-6522, ¶ 37; *State v. Palmer*, 1st Dist. Hamilton No. C-050750, 2006-Ohio-5456, ¶ 7-8. Therefore, we will address the merits of the assignment of error.

**{¶36}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. In determining whether the evidence is legally sufficient to support the jury verdict as a matter of law, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *following Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jenks*, the Ohio Supreme Court emphasized

> [w]here reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact.

It is not the function of an appellate court to substitute its judgment for that of the factfinder. Rather, upon appellate review, the evidence must be viewed in the light most favorable to the prosecution.

*Id*. at 279.

**{¶37}** In this case, whether we review this assignment of error for plain error or prejudicial error, the result is the same — the state presented sufficient evidence to support Hardman's conviction. Hardman was charged with unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), which prohibits a person who is eighteen years of age or older from engaging "in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in" regard to the person's age.

A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

R.C. 2901.22(C).

**{¶38}** The legislature intentionally based the definition of "recklessness" on the likelihood, rather than the probability, of a certain result. *State v. Young*, 8th Dist. Cuyahoga No. 85224, 2005-Ohio-3584, ¶ 17, citing R.C. 2901.22(C) Staff Notes. "Something is 'probable' when there is more reason for expectation or belief than not, whereas something is 'likely' when there is merely good reason for expectation or belief." *Id*.

**{¶39}** Hardman contends that the evidence was insufficient to prove that he acted recklessly because the victim told him she was 20 years old, and based on the circumstances surrounding their interaction, he reasonably relied on that assertion. He argues that the victim did not say or do anything to cause him to doubt her age, and because the victim was engaging in sexual conduct with other older adults, he assumed she was the age she indicated.

**{¶40}** Hardman's assumptions, however, are not enough to overcome a finding of recklessness under these circumstances. *State v. Young*, 8th Dist. Cuyahoga No. 85224, 2005-Ohio-3584, ¶ 18, citing *State v. Hahn*, 4th Dist. Washington No. 02CA22, 2003-Ohio-788 (upholding conviction where offender engaged in consensual sexual conduct with minor he had just met, and knew nothing about, but thought was 16 or 17 years of age).

**{¶41}** Although Hardman testified that he never asked the victim how old she was or whether she had identification, the jury heard from him that he verified another girl's age by viewing her identification. Therefore, the jury could have inferred that Hardman's decision to engage in sexual conduct with the victim without making any attempt to ascertain her age or to verify his assumption that she was 16 or older was reckless.

**{¶42}** We agree with Hardman's argument that the state had the burden of proving he was reckless that the victim was under the age of 16, not that he was reckless that she was under 20. However, the victim told Hardman that she was 20 years old. The jury could have reasonably determined based on the victim's appearance at both trial and in the

photographs admitted at trial, and her demeanor at trial, that these characteristics should have caused Hardman to question whether she was actually age 20, or at the very least make an attempt to ascertain her age.

{¶43} We are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Appearance, demeanor, and gestures of a victim can also be used to determine whether a defendant was reckless when the age of the victim is a factor. *See State v. Manns*, 10th Dist. Franklin No. 04AP-138, 2004-Ohio-5578 (relying on the jury's observation of the victim at trial in finding sufficient evidence that the defendant acted recklessly regarding the victim's age).

{¶44} The victim, who was older at trial than at the time of the offense, testified at trial and the jury was able to view her appearance and demeanor. These observations, coupled with the jury's view of the victim in the photographs taken by Hardman at the time of the offense, were sufficient evidence for the jury to determine whether Hardman acted recklessly regarding her age.

{¶45} Therefore, construing the evidence at trial in a light most favorable to the state, we find that Hardman's conviction for unlawful sexual conduct with a minor was based upon legally sufficient evidence. Although Hardman may not have known that the victim was under the age of 16 when he engaged in sexual conduct with her, the evidence

at trial supports a finding that he was reckless regarding her age. Accordingly, Hardman's first assignment of error is overruled.

**{¶46}** Finding merit to Hardman's second assignment of error and granting him a new trial, his third assignment of error challenging the manifest weight of the evidence is rendered moot. *See, e.g., State v. Kozlosky*, 195 Ohio App.3d 343, 2011-Ohio-4814, 959 N.E.2d 1097 (8th Dist.) (unanimous decision reversing a jury verdict as against manifest weight of the evidence affords the defendant a new trial; not discharge from those offenses).

**{¶47}** Judgment reversed; case remanded for new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR