DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lorenzo Wright, appeals from the order of the Elyria Municipal Court, which denied his Crim.R. 29 motion for acquittal. This Court affirms.
 I. {¶ 2} In June, 2003, appellant was charged with one count of obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree. The matter proceeded to jury trial on March 18, 2004. At the conclusion of the State's case-in-chief, appellant moved for acquittal, pursuant to Crim.R. 29. The trial court denied appellant's motion. The defense presented its case-in-chief, then rested without renewing its Crim.R. 29 motion for acquittal. Thereafter, the jury found appellant guilty. On April 9, 2004, the trial court sentenced appellant to ninety days in jail, suspended all ninety days on the condition that appellant perform twenty hours of community service, and directed appellant to pay court costs and fines. Appellant timely appeals the trial court's denial of his Crim.R. 29 motion for acquittal, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court error [sic] as a matter of law for failing to grant appellant's R. 29 motion for acquittal."
 {¶ 3} In his sole assignment of error, appellant argues that the trial court erred by denying appellant's Crim.R. 29 motion for acquittal for two reasons: (1) because the trial court applied a probable cause test in denying the motion, and (2) because the testimony and evidence presented to the jury did not establish a necessary element of the offense. Appellant's assignment of error lacks merit.
 {¶ 4} A criminal defendant must enter a timely Crim.R. 29 motion for acquittal in order to preserve the denial of the motion for acquittal for appellate review. State v. Jaynes,, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, citing State v. Roe (1989), 41 Ohio St.3d 18, 25. In addition, a "defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." Jaynes
at ¶ 7, quoting State v. Miley (1996), 114 Ohio App.3d 738, 742.
 {¶ 5} A careful review of the record indicates that appellant moved for acquittal pursuant to Crim.R. 29 at the close of the State's case-in-chief. The trial court denied appellant's motion. Appellant then presented one witness in his defense. After resting, however, appellant failed to renew his Crim.R. 29 motion for acquittal. The State then called one rebuttal witness. At the conclusion of rebuttal testimony, appellant again failed to renew his motion for acquittal. Therefore, appellant has waived any challenge to the trial court's denial of his motion for acquittal. Appellant's assignment of error is overruled.
 III. {¶ 6} As appellant's sole assignment of error is overruled, the order of the Elyria Municipal Court denying appellant's Crim.R. 29 motion for acquittal is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J. Boyle, J. Concur.