[Cite as *State v. High*, 2017-Ohio-1242.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| CHRISTOPHER HIGH | Case No. 2016CA00095 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                            Common Pleas, Case No. 2016CR0090

JUDGMENT:                   Affirmed, in part; Vacated, in part;
                            and Remanded

DATE OF JUDGMENT ENTRY:     March 31, 2017

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO,                      AARON KOVALCHIK
Prosecuting Attorney,                 116 Cleveland Ave. N.W.
Stark County, Ohio                    808 Courtyard Centre
                                      Canton, Ohio 44702
By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Christopher High appeals his convictions and sentence entered by the Stark County Court of Common Pleas on one count of aggravated robbery, one count of aggravated burglary, and one count of felonious assault. Each count carried an attendant firearm specification. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 9, 2012, Rockford Estep was at his residence located at 127 12th Street N.W., Massillon, Ohio. Estep maintains he looked outside his window and noticed a dark colored van. He then observed Appellant at his window with a bag of marijuana. Estep recognized Appellant from previous marijuana purchases, and invited him into his house. Estep observed an all black Ford van outside, which van he had seen Appellant drive on other occasions.

{¶3} Upon entering the home, Appellant requested Estep let his dogs outside. When Estep turned to do so, he saw two masked men running into his home.[1] Appellant then hit Estep with a firearm and demanded money. Estep estimated he was hit with the gun about ten times, and got "hit pretty good with it." Estep gave Appellant $700.00 he had in his pocket.

{¶4} The other two men continued to rummage and steal items from Estep's home, during which time Appellant held a gun to the back of Estep's head. A home alarm was triggered. Appellant told Estep to turn off the alarm. While Estep went to turn off the

---

[1] Estep testified at trial Appellant did not have a mask on during the altercation, but the other two men wore masks.

alarm, he ran out the back door, jumping a fence, sustaining injury. While running, Estep shouted to "call 911."

{¶5} A neighbor heard Estep shouting to call 911, and further observed the dark colored van. He wrote down the van's license plate number, and called 911.

{¶6} Jim Nixon of the Canton Police Department responded to the call, observing the van pulling out of a drive-thru. He verified the license plate number of the van, and initiated a stop. The van did not pull over, and entered the jurisdiction of the North Canton Police Department.

{¶7} Sergeant Ronald Mizner of the North Canton Police Department located the abandoned van, impounding it and then conducting an inventory search of the same. The owner of the van was identified as Pasha Smalls. Inside the van an invoice for repairs was found with both Smalls and Appellant's name as payors.

{¶8} Sgt. Mizner then interviewed Estep at the hospital, where Estep related he knew Appellant as "Big C" or "Chris" as he purchased marijuana from him in the past. Estep described Appellant's physical appearance.

{¶9} The Stark County Grand Jury indicted Appellant on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (3), with a firearm specification, in violation of R.C. 2941.145; one count of aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (2), with a firearm specification, in violation of R.C. 2941.145; and one count of felonious assault, in violation of R.C. 2903.11(A)(1), with a firearm specification, in violation of R.C. 2941.145.

{¶10} The matter proceeded to a jury trial on March 29, 2016. The jury found Appellant guilty on all counts. The trial court sentenced Appellant as follows:

**{¶11}** Count One, Aggravated Robbery: Six years

**{¶12}** Count Two, Aggravated Burglary: Six years, concurrent with the sentence imposed on Count One.

**{¶13}** Count Three, Felonious Assault: Four years, consecutive to the sentence imposed on Counts One and Two.

**{¶14}** Each gun specification carried a three year term of incarceration. The trial court merged the sentences on all three firearm specifications, imposing the three years consecutive to the sentences already imposed on the other three counts.

**{¶15}** The trial court's total sentence imposed amounted to thirteen years.

**{¶16}** Appellant appeals, assigning as error,


I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE CONSECUTIVE SENTNECES [SIC].

III. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE APPELLANT'S CONVICTIONS AS ALLIED OFFENSES.


I.

**{¶17}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶18}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶19}** Appellant was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (3), which reads,

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

\*\*\*

(3) Inflict, or attempt to inflict, serious physical harm on another.

**{¶20}** Appellant was further convicted of aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (2), which reads,

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

{¶21} Finally, Appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(1) and/or (2),

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶22} Appellant approached Estep's residence presenting himself at the window, indicating he had a bag of marijuana.  Estep had previously purchased marijuana from Appellant. Estep answered the door, Appellant entered the residence, and asked Estep to leave his dogs outside.  Estep noticed a blacked out, dark color Ford van outside, which

he had previously observed Appellant driving. Estep observed two masked men in his home, at which point Appellant struck him with a firearm. The men ransacked the home and Appellant demanded money from Estep at gun point. Estep gave Appellant $700.00 he had on his person. When the home alarm was activated, Appellant told Estep to turn it off, at which point Estep utilized the opportunity to escape. A neighbor called law enforcement and provided the license plate number of the vehicle. Later, a receipt was found in the abandoned van with Appellant's name as the payor. Estep then provided a physical description of Appellant to law enforcement.

{¶23} Viewing the evidence in a light most favorable to the prosecution, we find the record demonstrates sufficient evidence for a reasonable jury to find Appellant committed the offenses for which he was convicted. The weight of the evidence and the credibility of the witnesses are left to the discretion of the trier of fact. We find Appellant's convictions are not against the manifest weight of nor based on insufficient evidence.

{¶24} The first assignment of error is overruled.

II.

{¶25} In the second assignment of error, Appellant argues the trial court erred in imposing consecutive sentences. Specifically, Appellant asserts the trial court failed to make the findings required by R.C. 2929.14(C) prior to imposing consecutive sentences.

{¶26} In *State v. Marcum*, 146 Ohio St.3d 516, 59 N.E.3d 1231, 2016-Ohio-1002, the Ohio Supreme Court held an appellate court must review a felony sentence using the standard set forth in R.C. 2953.08, and will no longer apply the abuse of discretion standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912.

**{¶27}** A trial court may overcome the statutory presumption in favor of concurrent sentences for most felony offenses by making the statutory, enumerated findings set forth in RC. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3349. The findings must be set forth in both the judgment entry of sentence and at the sentencing hearing. Id.  The trial court is not obligated to state reasons for its findings.  Id.

**{¶28}** R.C. 2929.14(C) reads,

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶29}** At the sentencing hearing the trial court stated,

* * * To, to violate and to intrude into the sanctity of one's home is, is a cardinal offense. To compound that to have a firearm on your person when you did that and to brutally, brutally assault another individual as was evidenced by the photographs sufficient of an assault that you caused an individual to panic, run out of their home result in a broken arm and a puncture wound to their leg is really troubling to the Court.

The fact that you've got prior involvement with the law, other judges have seen fit to send you to an institution on two separate occasions, and yet you find yourself still wheeling and dealing in marijuana, by your own testimony someone else who were [sic] doing business with would have been using the van that you were using, by your own testimony, and that, that – so you're hanging out with these people. I don't find your testimony to be credible nor did the jury, and as such it's going to be the order of this Court as follows: * * *

Tr. at 41-42.

**{¶30}** The trial court sentenced Appellant to six years on the charge of aggravated burglary, three years on the specification, to run consecutive to the six year period. Six years on the charge of aggravated robbery, with three years on the specification.

**{¶31}** The trial court imposed a four year term on the felonious assault count, to be served consecutive to counts one and two, which run concurrent to each other. The trial court imposed three years on the firearm specification. The trial court summarized the sentence at hearing,

> By my mathematics what that adds up to is a six-year term on Counts One and Two, a four-year term on Count Three and three-year firearm specification for a total period of thirteen years of incarceration.
> Tr. at 43.

**{¶32}** The trial court's April 11, 2016 Judgment Entry merges the sentences imposed on the firearm specifications. However, the judgment entry does not make findings relative to consecutive sentencing. The trial court ordered,

> IT IS FURTHER ORDERED that the defendant shall serve the sentences for Aggravated Burglary, 1 Ct. [R.C. 2911.11(A)(1) and/or (A)(2)] (F1) (with Firearm Specification) and Felonious Assault, 1 Ct. [R.C. 2903.11(A)(1) and or (2)] (F2) (with Firearm Specification) consecutively, but concurrent with the sentence for Aggravated Robbery, 1 Ct. [R.C.

2911.01(A)(1) and/or (A)(3)] (F1) (with Firearm Specification), for a total sentence of thirteen (13) years.

{¶33} Upon review of the trial court's imposition of sentence at the hearing and in the April 11, 2016 sentencing entry, we find the trial court failed to make the statutorily required findings pursuant to R.C. 2929.14(C)(4).

{¶34} The second assignment of error is sustained, and the matter is remanded to the trial court for resentencing.

III.

{¶35} In the third assignment of error, Appellant maintains the trial court failed to find the charges herein allied offenses of similar import.

{¶36} R.C. 2941.25, Multiple counts, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶37}** In *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶38}** The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* * *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

**{¶39}** As set forth in our analysis and disposition of Appellant's first assigned error, Appellant was convicted of one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (3); one count of aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (2); and one count of felonious assault, in violation of R.C. 2903.11(A)(1) and/or (2).

**{¶40}** We find Appellant gained access to the home by deception. Appellant showed Estep a bag of marijuana for sale in order to gain access to the home, but his actual purpose was to commit a theft offense. Once inside, Appellant struck the victim with the firearm causing injury. Appellant further demanded and took the victim's money, thereby committing the theft offense.[2]

**{¶41}** We find the offense of aggravated burglary was committed at the time Appellant entered the home with a firearm, deceptively indicating he was there for the purpose of selling marijuana. Appellant then separately committed the offense of aggravated robbery when he repeatedly struck Estep with the firearm, demanding and taking money from Estep at gun point. The intent to commit any criminal offense while trespassing constitutes the commission of the burglary and no criminal offense actually

---

[2] We concede Appellant's motive for both the aggravated burglary and aggravated robbery counts was the same and the offenses were committed as a continuous course of conduct.

needs to be committed to support the burglary charge. *State v. Lewis*, 5th Dist. Richland No. 15CA106, 2016-Ohio-7002, citing *State v. Huhn,* 5th Dist. Perry No. 15-CA-00006, 2015-Ohio-4929.   "Even if the criminal offense is actually committed, the burglary was already completed and the subsequent crimes were then committed with separate conduct." *Id.* The harm resulting from an aggravated burglary is "separate and identifiable" in relation to an aggravated robbery that follows once inside a victim's home. *Id.*  We find the trial court did not err in imposing separate consecutive sentences for the offenses of aggravated burglary and aggravated robbery.

**{¶42}** As to the charge of felonious assault, the Bill of Particulars in this matter states Appellant knowingly caused serious physical harm to Estep and/or caused or attempted to cause physical harm to Estep by means of a deadly weapon when he and his two accomplices brandished guns and forced their way into the home. The Bill of Particulars then states, "Appellant displayed the firearm, pistolwhipped Estep (causing an abrasion to his left elbow) and stole money and a cell phone from him. Estep also suffered a broken arm as a result of attempting to escape the attack." Bill of Particulars, 3/8/16.

**{¶43}** We find the conviction for felonious assault should merge with Appellant's conviction for aggravated robbery. The harm caused by the offenses is not separate and identifiable, and the felonious assault was committed during the commission of the aggravated robbery.[3]

---

[3] We do find Estep's injury while fleeing supports an independent charge of felonious assault which would warrant a finding the felonious assault is not an allied offense with aggravated robbery under the facts presented in this case.

{¶44} Appellant's third assignment of error is sustained, in part, and overruled in part. Appellant's sentence is vacated and the matter is remanded to the trial court for further proceedings in accordance with the law and this Opinion.

By: Hoffman, J.

Gwin, P.J. and

Wise, John, J. concur