[Cite as *State v. High*, 2018-Ohio-829.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER HIGH | : | Case No. 2017CA00115 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2016CR0090



JUDGMENT:                     Sentence Vacated & Remanded



DATE OF JUDGMENT:             March 5, 2018



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       AARON KOVALCHIK
Prosecuting Attorney                  116 Cleveland Avenue, NW
By: KRISTINE W. BEARD                 Suite 808
Assistant Prosecuting Attorney        Canton, OH  44702
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Christopher High, appeals his June 2, 2017 resentencing by the Court of Common Pleas of Stark County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 30, 2016, appellant was found guilty of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and/or (3), one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and/or (2), and one count of felonious assault in violation of R.C. 2903.11(A)(1). All three counts carried attendant firearm specifications in violation of R.C. 2941.145. By judgment entry filed April 11, 2016, the trial court (a visiting judge) sentenced appellant to six years on the aggravated robbery count, six years on the aggravated burglary count, both to be served concurrently, and four years on the felonious assault count, to be served consecutively to the six year sentence. The trial court merged the sentences on the firearm specifications and imposed an additional three years, to be served consecutively to the ten year sentence for a total term of thirteen years in prison.

{¶ 3} Appellant filed an appeal, challenging his sentence. This court found the trial court failed to make findings relative to consecutive sentencing, and failed to merge the felonious assault and aggravated robbery convictions. This court vacated the sentence and remanded the matter to the trial court for resentencing. *State v. High,* 5th Dist. Stark No. 2016CA00095, 2017-Ohio-1242 (*High I*).

{¶ 4} Upon remand, the trial court (a different judge) held a resentencing hearing on May 24, 2017. By judgment entry filed June 2, 2017, the trial court

sentenced appellant to ten years on the merged aggravated robbery and felonious assault counts, plus three years on the firearm specification, and ten years on the aggravated burglary count, plus three years on the firearm specification, to be served concurrently for a total term of thirteen years in prison.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT TO SERVE A 13 YEAR PRISON TERM."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in resentencing him to thirteen years in prison. Appellant claims a more reasonable sentence would be an aggregate term of nine years.

{¶ 8} R.C. 2953.08 governs appeals based on felony sentencing guidelines. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The

appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9}  "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} " 'An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.' "  *State v. Garrison,* 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 47, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 11} Appellant was convicted of two felonies in the first degree (aggravated robbery and aggravated burglary).  Felonies of the first degree are punishable by "three,

four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.14(A)(1). Firearm specifications carry a mandatory three year sentence. R.C. 2929.14(D)(1)(a). The trial court sentenced appellant to ten years on each count, plus three years on each firearm specification, to be served concurrently. The sentences are within the statutory range.

{¶ 12} However, in fashioning a sentence, trial courts must consider R.C. 2929.11 (purposes and principles of felony sentencing) and R.C. 2929.12 (seriousness and recidivism factors). *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *Marcum, supra,* at ¶ 23. "The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Wilson,* 5th Dist. Richland No. 17CA31, 2018-Ohio-396, ¶ 61; *State v. Bell,* 5th Dist. Muskingum No. CT2016-0050, 2017-Ohio-2621, ¶ 40.

{¶ 13} We noted this court specifically vacated the previous sentence and remanded the matter to the trial court for resentencing. As noted by appellee in its brief at 7, citing *Black's Law Dictionary* 1546 (7th Ed.1999), "[o]nce a sentence is vacated it no longer exists; it is a nullity. As a nullity, that sentence is treated as though it had not taken place."

{¶ 14} The resentencing trial judge was not the same trial judge that originally imposed sentence. In the resentencing hearing transcript, the trial court stated, "after reviewing the seriousness and recidivism factors set forth in the Ohio Revised Code, the Court sentences you * * *." May 24, 2017 T. at 8-9. The trial court noted it was the same thirteen year sentence imposed by the original trial court, "[f]inding that the

conduct warrants a 13 year prison term no matter how the years are allocated." *Id.* at 10. The resentencing judgment entry is devoid of any reference to R.C. 2929.11 and 2929.12.

{¶ 15} We find the record does not sufficiently indicate that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required by R.C. 2929.11 and 2929.12. Although the resentencing trial court was merely following this court's directives on remand, the trial court did not specifically adopt the original trial court's consideration (if any) of the R.C. 2929.11 and 2929.12 factors or enter its own independent consideration. In addition, although the trial court advised appellant of postrelease control during the resentencing hearing, the resentencing judgment entry is silent as to any postrelease control. Furthermore, the trial court did not inform appellant during the resentencing hearing of his right to appeal in violation of Crim.R. 32(B). *State v. Hunter,* 8th Dist. Cuyahoga No. 12626, 2010-Ohio-657.

{¶ 16} Upon review, we find the record does not clearly and convincingly support the sentence imposed by the trial court.

{¶ 17} The sole assignment is granted, albeit for different reasons than argued by appellant.

{¶ 18} The sentence of the Court of Common Pleas of Stark County, Ohio is hereby vacated, and the matter is remanded to the trial court for resentencing per this opinion and the opinion set forth in *High I.*

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/db 223