[Cite as *State v. High*, 2019-Ohio-523.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| CHRISTOPHER HIGH | : | | Case No. 2018CA00088 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Court of Common
                                                                   Pleas, Case No. 2016 CR 0090



JUDGMENT:                                                  Affirmed




DATE OF JUDGMENT:                                  February 11, 2019




APPEARANCES:

For Plaintiff-Appellee                                      For Defendant-Appellant

JOHN D. FERRERO                                       DONOVAN HILL
Prosecuting Attorney                                     116 Cleveland Avenue North
By: KRISTINE W. BEARD                              Canton, OH  44702
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1}    Defendant-Appellant, Christopher High, appeals the June 6, 2018 judgment entry of the Court of Common Pleas of Stark County, Ohio, on resentencing.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}    On March 30, 2016, appellant was found guilty of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and/or (3), one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and/or (2), and one count of felonious assault in violation of R.C. 2903.11(A)(1).  All three counts carried attendant firearm specifications in violation of R.C. 2941.145.  By judgment entry filed April 11, 2016, the trial court (a visiting judge) sentenced appellant to six years on the aggravated robbery count, six years on the aggravated burglary count, both to be served concurrently, and four years on the felonious assault count, to be served consecutively to the six year sentence. The trial court merged the sentences on the firearm specifications and imposed an additional three years, to be served consecutively to the ten year sentence for a total term of thirteen years in prison.

{¶ 3}    Appellant filed an appeal, challenging his sentence.  This court found the trial court failed to make findings relative to consecutive sentencing, and failed to merge the felonious assault and aggravated robbery convictions.  This court vacated the sentence and remanded the matter to the trial court for resentencing.  *State v. High,* 5th Dist. Stark No. 2016CA00095, 2017-Ohio-1242 (*High I*).

{¶ 4}    Upon remand, the trial court (a different judge) held a resentencing hearing on May 24, 2017.  By judgment entry filed June 2, 2017, the trial court sentenced appellant

to ten years on the merged aggravated robbery and felonious assault counts, plus three years on the firearm specification, and ten years on the aggravated burglary count, plus three years on the firearm specification, to be served concurrently for a total term of thirteen years in prison.

{¶ 5} Appellant filed an appeal, again challenging his sentence. This court found the trial court failed to make findings relative to the purposes and principles of sentencing and the seriousness and recidivism factors, failed to include postrelease control in the judgment entry, and failed to inform appellant of his right to appeal. This court vacated the sentence and remanded the matter to the trial court for resentencing. *State v. High,* 5th Dist. Stark No. 2017CA00115, 2018-Ohio-829 (*High II*).

{¶ 6} Upon remand, the trial court (the same judge for resentencing) held resentencing hearings on May 30 and 31, 2018. By judgment entry filed June 6, 2018, the trial court sentenced appellant to the previously imposed resentence of thirteen years.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 8} "APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

I

{¶ 9} In his sole assignment of error, appellant claims the trial court's second resentence was contrary to law. We disagree.

{¶ 10} Appellant argues on remand, the trial court resentenced him to increased years (from six to ten), giving "the appearance of penalizing Appellant for exercising his

rights, by virtue of imposing higher sentences on the charges than were originally imposed." Appellant's Brief at 3.

{¶ 11} The visiting judge sentenced appellate to an aggregate thirteen years in prison. Upon remand, the resentencing judge merged the aggravated robbery and felonious assault convictions as ordered, and sentenced appellant to an aggregate thirteen years in prison. In doing so, the trial court increased the prison term from six to ten years on the principal offenses, but kept the aggregate term the same.

{¶ 12} Appellant now argues if the visiting judge would have resentenced appellant, with the six years originally imposed and the merger, his sentence would have been an aggregate nine years.

{¶ 13} In *High II,* appellant argued the trial court (the resentencing judge) abused its discretion in resentencing him to thirteen years, arguing a more reasonable sentence would be an aggregate term of nine years. We note appellant never raised the issue of being resentenced by a different judge and therefore cannot argue that issue now. This court reviewed the individual sentences and determined at ¶ 11 that the "sentences are within the statutory range," but found the sentences were contrary to law in part because the trial court did not adequately consider the factors under R.C. 2929.11 and 2929.12.

{¶ 14} Upon remand, the trial court imposed the same sentences, already deemed to be within the statutory range, and properly followed this court's directives from *High II.* May 30, 2018 T. at 7-10; May 31, 2018 T. at 4-7. We find the sentences are not contrary to law. *State v. Garrison,* 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 47.

{¶ 15} The visiting judge determined an aggregate term of thirteen years was warranted. The resentencing judge reviewed the trial transcript including the sentencing

transcripts, the victim's testimony, appellant's testimony, the findings made by the visiting judge, any statements appellant made at the sentencing hearings, and all evidence submitted, considered all of the statutory factors, and also determined an aggregate term of thirteen years was warranted. The resentencing judge did not resentence appellant to maximum sentences or a lengthier aggregate term than the visiting judge. The record is devoid of any hint that the sentences were increased to penalize appellant for exercising his rights.

{¶ 16} The sole assignment of error is denied.

{¶ 17} The resentence of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/db 21